# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Adekunle O. Adetiloye, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:14-cv-5 |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Cass County Warden, Individually, | ) | |
| Personally and Professionally, | ) | |
| Cass County Jail, Individually, Personally | ) | |
| and Professionally, Cass County Unknown | ) | |
| Medical Staff, Individually, Personally | ) | |
| and Professionally, United States of America, | ) | |
| United States Department of Justice, | ) | |
| United States Marshals Services, and | ) | |
| Unknown, Two unknown United States | ) | |
| Marshals, custodians/transporters - | ) | |
| Individually, Personally and Professionally, | ) | |
| | ) | |
| Defendants. | ) | |

   Under 28 U.S.C. § 1915A, the court must conduct an initial review of the complaint filed by Plaintiff Adekunle O. Adetiloye (Adetiloye), a federal inmate seeking redress from governmental actors for an injury allegedly sustained while in the custody of the United States Marshals Service. Adetiloye asserts a negligence claim pursuant to the Federal Tort Claims Act (FTCA). Adetiloye also argues his constitutional rights were violated, claiming relief under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

## Summary of Recommendation

   Adetiloye asserts an FTCA claim against the individual defendants. The only proper defendant in an FTCA claim is the United States, and the discretionary function exception bars Adetiloye's FTCA claim against the United States with regard to the marshals' conduct.

Additionally, the United States cannot be held liable under the FTCA for the actions of employees at the Cass County Jail because those employees were independent contractors. Similarly, no liability lies with the United States for any allegedly negligent maintenance of the jail since the United States has no authority to control maintenance there. As Adetiloye fails to state a claim upon which relief may be granted, it is **RECOMMENDED** that the court **DISMISS** his FTCA claims with prejudice.

Adetiloye also raises a cause of action against the defendants pursuant to § 1983. County jails are not legal entities amenable to suit, and federal defendants may not be sued under § 1983. With regard to his § 1983 claim against the non-federal defendants in their official capacities, Adetiloye fails to allege that any county policy or custom caused his alleged constitutional deprivation; thus, Adetiloye fails to state a claim upon which relief can be granted. As to his § 1983 claim against the non-federal defendants in their personal capacities, Adetiloye does not assert enough facts to demonstrate that his medical condition or the conditions of his confinement created an excessive risk to his health or that the defendants failed to act on that knowledge. Therefore, it is **RECOMMENDED** that the court **DISMISS** Adetiloye's § 1983 claims with prejudice.

Finally, Adetiloye alleges that the defendants' conduct is actionable under <u>Bivens</u>. A <u>Bivens</u> suit may be maintained only against federal agents. Adetiloye offers no facts to support his assertion that the marshals were deliberately indifferent to his medical needs or to the conditions of his confinement. Because unsubstantiated allegations are insufficient to raise a cognizable claim, it is **RECOMMENDED** that the court **DISMISS** Adetiloye's <u>Bivens</u> claims with prejudice.

**Facts**

Adetiloye's complaint concerns injuries he allegedly sustained while being transported by the United States Marshals Service.[1] Adetiloye states that, while two marshals escorted him through the Cass County Jail in Fargo, North Dakota, his ankle chain caught on a sewer grate, causing him to fall. (Doc #5 at 3). At the time of the fall, Adetiloye asserts his wrists were handcuffed and secured to a "belly chain[,] limiting his movement" and leading to an "inability to break his own fall[.]" Id. As a result of his fall, Adetiloye asserts he "sustained head injuries and continues to experience dizziness, migraines, [and] blurred vision[,]" along with "head, knee, and back pain[.]" (Doc. #5 at 3; Doc. #5-4 at 4). Id. Adetiloye attributes his injuries to hazardous prison conditions and to the defendants' negligence and deliberate indifference to his medical needs. (Doc. #5 at 4; Doc. #5-4 at 4-5).

Adetiloye, proceeding pro se and in forma pauperis, (Doc. #1; Doc. #3), filed a complaint under the Federal Tort Claims Act (FTCA) against the United States of America, United States Department of Justice, United States Marshals Services, and Two Unknown United States Marshals. (Doc. #5). Along with his complaint, Adetiloye submitted various attachments, one of which was also titled as a complaint (second complaint). (Doc. #5-4). The second complaint named as defendants the Cass County Warden, Cass County Jail, Cass County Unknown Medical Staff, and Two Unknown U.S. Marshals, "all individually, personally and

---

[1] Adetiloye alleges he was injured on November 23, 2011. (Doc. #5 at 1). On that date, Adetiloye had already entered a guilty plea in the criminal case for which he was being detained. See Transcript of Change of Plea at 22, United States v. Adetiloye, No. 3:08-cr-28 (D.N.D. filed Mar. 19, 2008), ECF No. 60. Because he was no longer a pre-trial detainee on the date of his alleged injury, Adetiloye's claims are analyzed under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (noting that both prison conditions and prisoner treatment are subject to Eighth Amendment scrutiny).

professionally[.]" (Doc. #5-4 at 1). Adetiloye did not state the basis of jurisdiction for the claims in his second complaint, and, in submitting two documents titled as complaints, Adetiloye did not clearly state whether he was filing one case or two. The court ordered Adetiloye to clarify his intention and state the jurisdictional basis of the claims against the defendants in the second complaint. (Doc. #8). Adetiloye responded to the court's order, stating that he intended to file only one case and that his claims against the state defendants arose under § 1983. (Doc. #9 at 1). The court then ordered the Clerk of Court to add the state defendants to the docket; the court noted it would construe Adetiloye's submissions as one complaint, evaluating the claims under the FTCA and § 1983. (Doc. #11). Adetiloye later filed a motion to amend his complaint to allege an action under Bivens. (Doc. #15). The court granted Adetiloye's motion, stating it would construe his complaint as also incorporating a Bivens action. (Doc. #17).

## Discussion

Under 28 U.S.C. § 1915A(a), the court must conduct an initial screening of prisoner complaints against a governmental entity, officer, or employee. The court must "identify cognizable claims or dismiss the complaint . . . if the complaint . . . is frivolous, malicious, . . . fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint fails to state a claim if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 579 (2007). When the factual content of a complaint allows the court to reasonably infer the defendant is liable for the misconduct alleged, the complaint has stated a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court must accept factual allegations in a complaint as true, "[t]hreadbare recitals of the elements

4

of a cause of action, supported by mere conclusory statements," are insufficient to state a facially plausible claim. Id.

I.      **FTCA**

Adetiloye's first claim arises under the FTCA.[2] The sole proper defendant under the FTCA is the United States. See 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by [the FTCA] . . . is exclusive[.]"). See also Knowles v. United States, 91 F.3d 1147, 1150 (8th Cir. 1996) (stating a plaintiff's exclusive remedy under the FTCA is against the United States, and federal employees are not proper defendants under the FTCA for torts committed while acting within the scope of employment). Therefore, the court must identify whether Adetiloye has raised a cognizable claim that the United States may be liable for the alleged negligence of the marshals in transporting Adetiloye or for the alleged negligence of Cass County Jail's staff in treating Adetiloye and maintaining the jail premises.

    A.      **United States Marshals**

The United States enjoys sovereign immunity from suit unless it waives that immunity. Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007). The FTCA functions as a limited waiver of the United States' sovereign immunity, permitting claims against the United States for the negligence of its employees while acting within the scope of their employment. 28 U.S.C.

---

[2]Adetiloye filed an administrative tort claim in the amount of $4,250,000.00 with the United States Marshals Service, and his claim was denied. (See Doc. #5-3 at 2). Adetiloye then filed a letter with the United States Marshals Service, seeking reconsideration of the denial of his claim. See id. Upon reconsideration, Adetiloye's administrative tort claim was again denied. (Doc. #5-3 at 3). Adetiloye filed a second request for reconsideration. (See Doc. #5-4 at 1). General Counsel for the United States Marshals Service responded to Adetiloye's second request for reconsideration, noting the claim was previously denied upon reconsideration and that no further administrative action could be taken. Id.

§ 1346(b)(1). While the United States may be liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, the FTCA's waiver of sovereign immunity is limited by several exceptions, 28 U.S.C. § 2680. The FTCA does not waive sovereign immunity for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

To determine whether an FTCA claim is barred by the discretionary function exception, the court must apply a two-step test. Riley, 486 F.3d at 1032 (citing Berkovitz v. United States, 486 U.S. 531, 536 (1988)). First, the court considers whether the governmental action at issue is the result of judgment or choice. Dykstra v. U.S. Bureau of Prisons, 140 F.3d 791, 795 (8th Cir. 1998). If a statute, regulation, or policy requires a specific course of action, the discretionary function exception is not applicable, and the claim may move forward; however, if no mandate exists, then the governmental action is deemed discretionary, and the first step is satisfied. Id. Second, the court must determine whether the judgment or choice is based on public policy considerations. Id. When government officials base their judgment or choice on social, economic, or political policy considerations, the discretionary function exception applies, and the claim is barred. Id.

Adetiloye contends the injuries he sustained as a result of his fall were "due to the negligence of the two . . . U.S. Marshals[.]" Adetiloye does not expressly allege any negligent acts or omissions of the marshals, but he implies the marshals should have physically assisted him while he was walking since his arms and legs were restrained. (Doc. #5 at 3). Because Adetiloye is proceeding pro se, the court should liberally construe the complaint as asserting that

the marshals acted negligently by failing to physically assist Adetiloye while he was walking with restraints.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (stating documents filed by pro se litigants must be liberally construed and held to less stringent standards than pleadings drafted by attorneys).

Under the first step of the discretionary function exception test, the court must determine whether a statute, regulation, or policy mandates a specific course of action by the marshals while escorting a prisoner.  The statute and regulation governing a marshal's care and transportation of prisoners do not mandate any specific course of conduct; rather, marshals are given wide discretion.  See 18 U.S.C. § 4086 ("United States marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution."); 28 C.F.R. § 0.111(j) ("The Director of the United States Marshals Service shall direct and supervise all activities of the U.S. Marshals Service including: . . . [r]eceipt, processing and transportation of prisoners held in the custody of a marshal or transported by the U.S. Marshals Service under cooperative or intergovernmental agreements."); see also Menolascina v. United States, No. 12 C 90, 2013 WL 707920, at *2 (N.D. Ill. Feb. 26, 2013) (finding marshals have wide discretion in transporting prisoners, which "is exactly the kind of discretionary function that the exception was designed to shield."); Crane v. United States, No. 3:10-68-AC, 2011 WL 7277317, at *1 (D. Or. Nov. 29, 2011) (finding marshals have discretion in determining how to carry out transportation duties).  Because marshals are not required to follow specific procedures when transporting prisoners but are instead granted significant discretion, the first step of the discretionary function exception test is satisfied.  But see McKinney v. United States, 950 F. Supp. 2d 923, 926, 928, 930 (N.D. Tex. 2013) (finding an

FTCA claim against the Bureau of Prisons—which is required by 18 U.S.C. § 4042 to provide for the safekeeping of federal prisoners—was not barred by the discretionary function exception when correctional officers failed to physically assist a fully restrained, elderly, and ill inmate who was exiting an airplane and whose "safety was very clearly at risk"); Garcia-Feliciano v. United States, No. Civ. 12-1959, 2014 WL 1653143, at *3 (D.P.R. Apr. 23, 2014) (determining "the discretionary function exception should not apply where two causes—one discretionary [whether to assist a restrained prisoner] and one not [whether to restrain a prisoner]—are said to cause the plaintiff's injury, especially where the nondiscretionary cause is primarily responsible for the plaintiff's injuries.").

The second step of the discretionary function exception test, which requires that the marshals' judgment or choice be based on considerations of public policy, is also satisfied. While transporting prisoners, the marshals must balance competing interests of prisoner safety, marshal safety, public safety, and preventing prisoner escape. Additionally, when a governmental policy grants discretion to a government agent, " 'it must be presumed that the agent's acts are grounded in policy when exercising that discretion.' " Menolascina, at *2 (quoting United States v. Gaubert, 499 U.S. 315, 324 (1991)). But see McKinney, 950 F. Supp. 2d at 928 (finding "there is nothing to substantiate defendant's contention that there were legitimate policy considerations at play in choosing not to assist a fully restrained, elderly, ill, and outnumbered inmate on the stairs of an airplane."). Because both steps of the discretionary function exception test are satisfied, the exception applies, and sovereign immunity bars Adetiloye's FTCA claim with regard to the marshals' conduct.

### B. Cass County Jail and Medical Staff

Adetiloye also claims Cass County Jail's "medical staff [failed] to call for the proper treatment of the injuries, resulting in head, knee[,] . . . back pain[,] and dizziness, which continue even today." (Doc. #5-4 at 4). Adetiloye asserts medical staff advised him to "buy Advil for headaches, migraine, back and knee pains[,]" and implies the medical staff should have provided a "medical referral[] or follow-up" care. (Doc. #5-4 at 5). Because the only proper defendant in an FTCA claim is the United States, the court must determine whether Adetiloye has raised a cognizable claim against the United States for the alleged negligence of Cass County Jail's medical staff.

> The FTCA includes, in relevant part, the following definitions:
>
> [T]he term "Federal agency" . . . does not include any contractor with the United States.
>
> "Employee of the government" includes officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation[.]

28 U.S.C. § 2671. In Logue v. United States, the Supreme Court considered the FTCA definitions of "Federal agency" and "Employee of the government" in determining whether the United States could be liable for the negligence of county employees who had custody of a federal prisoner who committed suicide. 412 U.S. 521, 522 (1973). The Logue Court ultimately held that the United States had no authority to control the activities of the county employees, so the county employees were "contractors with the United States" and were not "acting on behalf of a federal agency[.]" Id. at 526-29, 532. Thus, under the FTCA, the United States could not be held liable for the negligence of the county employees. Id.

Likewise, the United States cannot be held liable for the alleged negligence of Cass County Jail's staff in treating Adetiloye or in maintaining the premises. In a letter from General Counsel for the United States Marshals Service,[3] which Adetiloye filed as an attachment to his complaint, General Counsel states the Marshals Service contracts with Cass County Jail to temporarily house and care for federal inmates. (Doc. #5-3 at 2). Citing Logue, General Counsel adds that, because Cass County Jail and its employees are considered independent contractors, the United States Marshals Service "is not legally responsible for the conditions of the facility or actions of local jail personnel[.]" Id. Indeed, under a contract where the United States has no authority to control the daily activities of the employees at the Cass County Jail, the employees should be considered contractors who do not act on behalf of a federal agency. Thus, the United States cannot be liable in this instance. Adetiloye has therefore not raised a cognizable claim under the FTCA, and the court should dismiss the FTCA claim with prejudice.

**II.     42 U.S.C. § 1983**

Section 1983 provides a cause of action only for deprivations of rights that are accomplished under color of state law; the statute does not apply to actions of the federal government or its officers. District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973). To proceed with a claim that a federal official deprived a plaintiff of civil rights, the plaintiff must instead raise a claim under Bivens. 403 U.S. at 389. Because Adetiloye cannot properly bring a § 1983 claim against the United States of America, United States Department of Justice, United States Marshals Service, or Two Unknown United States Marshals, those claims should be

---

[3]See supra note 1 (discussing Adetiloye's administrative tort claim process).

dismissed with prejudice. Additionally, Cass County Jail is not a legal entity amenable to suit, see Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003), and the claim against it should be dismissed with prejudice. The court must next determine whether Adetiloye has asserted a cognizable § 1983 claim against the other non-federal defendants.

### A. Official Capacity Claims

Adetiloye has named the Cass County Warden as a defendant. The Cass County Jail does not have a warden; rather, Sheriff Paul Laney oversees the county jail. Because documents filed by pro se litigants must be construed liberally, Erickson, 551 U.S. at 94, the court should construe Adetiloye's complaint as asserting a claim against Sheriff Laney.

Section 1983 suits against local government employees in their official capacities are actually suits against the entity of which the employee is an agent. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 n.55 (1978). Adetiloye names the non-federal defendants in their "[p]rofessional" capacities, (Doc. #5-4 at 1), which the court may reasonably construe as their official capacities. In other words, by naming Cass County Unknown Medical Staff and the Cass County Warden (which the court should construe as Sheriff Laney), Adetiloye has effectively named Cass County itself as a defendant. "When a plaintiff is seeking to impose section 1983 liability on a local government body, the plaintiff must show that there is an official policy or a widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right." Marksmeier v. Davie, 622 F.3d 896, 902 (8th Cir. 2010) (citing Monnell, 436 U.S. at 690-91). Adetiloye fails to allege that any county policy or custom caused his alleged constitutional deprivation, and he has thus failed to state a claim upon which relief may be granted. Therefore, the § 1983 claim against the county defendants in their official capacities

11

should be dismissed with prejudice.

### B. Personal Capacity Claims

Adetiloye also names the non-federal defendants in their "[i]ndividual[]" and "[p]ersonal[]" capacities, alleging deliberate indifference to his medical needs. (Doc. #5-4 at 1). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer v. Melo, 502 U.S. 21, 25 (1991). "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 165 (1985).

Both an objective element and a subjective element must be established to maintain an Eighth Amendment claim that government officials were deliberately indifferent to an inmate's medical needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Failing to treat a medical condition does not amount to an Eighth Amendment violation unless government officials knew that the medical "condition created an excessive risk to the inmate's health and then failed to act on that knowledge." Id. " 'The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.' " Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 795 (8th Cir. 2006) (quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)).

In Phillips, medical staff at a county jail prescribed an anti-seizure medication to an inmate. 437 F.3d 791, 793. After the inmate fell from the top bunk of his cell, he sued under § 1983. Id. The district court granted summary judgment for the defendants, and the inmate appealed, arguing medical staff violated his constitutional rights by failing to prescribe the

12

"proper medication[.]" Id. at 795 (emphasis added). Affirming the district court, the Eighth Circuit stated that the mere fact that the inmate disagreed with the medical staff regarding the proper drug to administer did not establish deliberate indifference. Id.

In this case, Adetiloye alleges the county employees were deliberately indifferent to his medical needs because they failed "to call for the proper treatment of the injuries[.]" (Doc. #5-4 at 4) (emphasis added). However, Adetiloye does not contend that medical staff failed to treat him after his fall; Adetiloye acknowledges he was evaluated by medical staff, who advised him to take Advil for pain he may have experienced. (Doc. #5-4 at 5). While Adetiloye contends staff failed to provide "serious treatment beyond triage" and offered "no medical referrals or follow-up[,]" (Doc. #5-4 at 5), his mere disagreement with the treatment that staff provided to him is insufficient to establish deliberate indifference. See Phillips, 437 F.3d at 795. To satisfy the pleading standards of Twombly and Iqbal, Adetiloye is required to assert enough facts to state a facially plausible claim. Adetiloye has not asserted enough facts to demonstrate that his fall created an excessive risk to his health or that medical staff failed to act on that knowledge. Adetiloye also fails to substantiate, with enough facts to state a claim that is plausible on its face, his allegations that he continues to experience dizziness, migraines, and blurred vision. See Chavero-Linares v. Smith, No. 13-3532 (8th Cir. Apr. 13, 2015), available at http://media.ca8.uscourts.gov/opndir/15/04/133532P.pdf (holding summary judgment for defendants was proper when plaintiff failed to substantiate allegations of injury with any probative evidence to allow a finding in her favor). Further, Adetiloye has not asserted a plausible claim against Sheriff Laney because Adetiloye has not alleged any facts to suggest Sheriff Laney had any personal involvement in the matter or was even aware of Adetiloye's

alleged injuries.

Adetiloye also alleges "delib[e]rate indifference and negligence of the co-defendants for creating the situation and allowing the hazardous conditions to exist which resulted in" his fall. (Doc. #5-4 at 4). To establish a claim that prison conditions violate the Eighth Amendment, a prisoner must show that the alleged deprivation denies "the minimal civilized measure of life's necessities" and that the defendants "were deliberately indifferent to an excessive risk to inmate health or safety." Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995) (quoting Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (internal quotation marks omitted). Mere negligence does not violate the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294, 305 (1991). Adetiloye has alleged no facts showing he was deprived of the minimal necessities of life while at the Cass County Jail, nor does he assert any facts showing that the defendants were deliberately indifferent to an excessive risk to his health or safety with regard to the prison conditions. Because he alleges insufficient facts to show an Eighth Amendment violation, Adetiloye has not satisfied the pleading standards of Twombly and Iqbal. Thus, the § 1983 claim against Sheriff Laney and Cass County Unknown Medical Staff in their personal capacities should be dismissed with prejudice.

## III. Bivens

Finally, Adetiloye asserts a Bivens action against all defendants.[4] Under Bivens, victims

---

[4]In a prior order, the court stated it would construe Adetiloye's submissions "as one complaint and evaluate the claims under the Federal Tort Claims Act and 42 U.S.C. § 1983." (Doc. #11 at 2). Adetiloye then moved to amend his complaint to allege a Bivens action. (Doc. #15). The court granted Adetiloye's motion, stating it would "construe Adetiloye's complaint as incorporating a Bivens action." (Doc. #17). Because Adetiloye is proceeding pro se, the court is liberally construing his complaint as asserting, against all defendants, claims under the FTCA, § 1983, and Bivens.

14

of a constitutional violation by federal agents are entitled to seek damages against the agents despite the lack of any statute conferring that right. 403 U.S. at 389, 397 (pertaining to a Fourth Amendment violation); Carlson v. Green, 446 U.S. 14, 17-18 (1980) (extending a cause of action under Bivens to an alleged violation of the Eighth Amendment's prohibition against cruel and unusual punishment). A Bivens action may be maintained against federal agents but not against federal agencies. See F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994). Because the United States, federal entities, local government entities, and local government employees are not subject to suit under Bivens, the court should dismiss the Bivens claim against those defendants with prejudice. The court must then consider whether Adetiloye has raised a cognizable Bivens claim against the Two Unknown United States Marshals.

A Bivens action is "almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990). The elements required to maintain an Eighth Amendment claim of deliberate indifference to an inmate's medical needs in a § 1983 action must also be shown in a Bivens action. See id. That is, the "inmate must prove that officials knew about excessive risks to his health but disregarded them, and that their unconstitutional actions in fact caused his injuries." Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006) (citations omitted). A demonstration of more than negligence or even gross negligence is required, and a constitutional violation is not shown merely by the prisoner's disagreement with treatment decisions. Estate of Rosenberg, 56 F.3d at 37.

In his complaint, Adetiloye does not state that the marshals were aware of but disregarded excessive risks to his health or that the marshals were even involved in any decisions

15

affecting his medical care. Instead, Adetiloye merely contends that "no U.S[.] Marshal . . . considered or treated the seriousness of th[e] injury, being medically, delib[e]rately indifferen[t] to the plaintiff's needs." (Doc. #5-4 at 5). Courts are not required to accept as true legal conclusions couched as factual allegations, and conclusory statements are insufficient to state a plausible claim to relief. Iqbal, 556 U.S. at 678. Under the pleading standards of Twombly and Iqbal, the bare allegations set forth by Adetiloye are inadequate to state a Bivens claim. See also Estate of Rosenberg, 56 F.3d at 37-38 (holding the district court did not err in dismissing Bivens claims against the warden and associate warden of a federal prison when the complaint did not assert either defendant "had anything to do with the decisions affecting plaintiff's medical care, or even that they knew" of plaintiff's serious medical condition).

Adetiloye also asserts "delib[e]rate indifference and negligence of the co-defendants for . . . allowing the hazardous conditions to exist which resulted in" his fall. (Doc. #5-4 at 4). To state a plausible claim, Adetiloye must allege that he was deprived of the minimal civilized measure of life's necessities and that the marshals were deliberately indifferent to an excessive risk to his health or safety. See Farmer, 511 U.S. at 834 (discussing the requirements for establishing an Eighth Amendment violation in a Bivens case). As noted above, the Marshals Service contracts with Cass County Jail to temporarily house and care for federal inmates, and the marshals had no authority to control the conditions at the Cass County Jail. Adetiloye has not alleged any facts demonstrating that the marshals deprived him of the minimal civilized measure of life's necessities or that the marshals were deliberately indifferent to conditions at the jail that created an excessive risk to his health or safety. Adetiloye's complaint does not allege sufficient facts to establish an Eighth Amendment violation under the pleading standards of

Twombly and Iqbal. Because Adetiloye has not identified a cognizable claim, the court should dismiss the Bivens action with prejudice.

**Conclusion**

Adetiloye fails to raise a cognizable claim under the FTCA, § 1983, or Bivens. Accordingly, it is **RECOMMENDED** that Adetiloye's complaint be **DISMISSED** with prejudice and that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 14th day of April, 2015.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **April 28, 2015**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.