IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Adekunle O. Adetiloye,<br><br>    Plaintiff,<br><br>-vs-<br><br>Cass County Warden, Individually, Personally and Professionally, Cass County Jail, Individually, Personally and Professionally, Cass County Unknown Medical Staff, Individually, Personally and Professionally, United States of America, United States Department of Justice, United States Marshals Services, and Unknown, Two unknown United States Marshals, custodians/transporters-Individually, Personally and Professionally,<br><br>    Defendants. | Case No. 3:14-cv-05<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

    Pursuant to 28 U.S.C. § 636, the court has received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, recommending that the court dismiss Adekunle Adetiloye's complaint with prejudice.[1] Adetiloye has submitted 57 pages of objections to the report and recommendation.[2]

    The court has reviewed Adetiloye's objections, including his claim that North Dakota law applies and his assertion that the court should consider the seriousness of his head injury as well as the delay in treatment. The court does not discount Adetiloy's alleged injuries from his fall. However, Adetiloye's objections do not overcome the legal obstacles identified by the magistrate judge. The claims in this case are governed by federal law. It

---

[1] Doc. #18.

[2] Doc. #21.

1

is well established that the only proper defendant in an FTCA claim is the United States, and the discretionary function exception bars Adeliloye's claims with regard to the marshals' conduct.[3] Moreover, the Cass County Jail employees were independent contractors and thus the United States is not liable for their actions.

With regard to his § 1983 claim, county jails are not legal entities amenable to suit and federal defendants cannot be sued under § 1983.[4] As to the non-federal defendants, Adetiloye has not identified a county policy or custom that caused his alleged constitutional deprivation.

Finally, Adetiloye has failed to provide facts supporting his Bivens claim that the marshals were deliberately indifferent to his medical needs or the conditions of confinement. Thus, he is not entitled to relief.

After reviewing the record and Adetiloye's objections, the court adopts in its entirely the magistrate judge's analysis of the claims and recommendations for disposition. For the reasons stated therein, Adetiloye's complaint is **DISMISSED with prejudice**. The court finds that any appeal would be frivolous, could not be taken in good faith, and many not be taken *in forma pauperis*.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 10th day of July, 2015.

/s/ Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court

---

[3] 28 U.S.C. § 2679(b)(1); Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007) (stating the two step analysis for the discretionary function exception).

[4] See District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973).